## Joseph T. Taggart

### *vs.*

## Thomas M. Philips *et al.*

New Castle, Sept. T. 1878.

*Fraudulent judgment bond; application of proceeds of execution to bona fide debt.*

Where it appears that a judgment bond, on which execution has been so levied as to become a first lien on the debtor's property, was executed without consideration and with the intent to defraud creditors, and that the judgment and execution thereon were also fraudulent, the proceeds of such levy will be applied in satisfaction of a judgment obtained against the debtor by a *bona fide* creditor, for which a subsequent lien had been obtained by execution and levy.

Bill to have a judgment bond declared fraudulent and void, and to reach the proceeds of an execution levy thereon.—Malvina Downey, one of the defendants, being indebted to the complainant, executed a judgment bond in the penal sum of $672, dated August 18, 1876, conditioned for the payment to him of $336, with interest from June 10, 1876, payable on demand, with costs; on which judgment was recovered in the Superior Court in and for New Castle County, and on which a *fieri facias*, No. 221 to November Term, 1876, was issued.

The same day, or the next, Malvina Downey executed a judgment bond to Thomas M. Philips, another of the defendants, for the sum of $2,000, upon which execution was issued about one hour before the bond of Taggart was filed.

The execution issued at the suit of the plaintiff being issued one hour subsequent in time to that of the said Philips, the levy thereunder was subject to the levy made under the execution of Philips in the sheriff's hands.

The personal property of Malvina Downey was subsequently sold by William H. Lambson, sheriff, another of the defendants, for the sum of $365.25, to be applied to the execution having the legal priority of lien.

The bill charges that the bond given by Malvina Downey to Thomas M. Philips was without consideration and fraudulent against the complainant.

The bill prays that the bond given to Philips may be declared fraudulent as against the complainant; that the sheriff may be restrained from paying over the proceeds of the said sale to Philips; and that he may be ordered to bring the same into the court of chancery to await the order of the chancellor upon the final hearing of this cause.

*George B. Rodney* for the complainant.

*Henry Turner* for the defendants.

THE CHANCELLOR.—I am satisfied, from the proof in this cause, that the bond executed by Malvina Downey in favor of Thomas M. Philips was fraudulent against Joseph T. Taggart, the complainant, a *bóna fide* creditor of the said Malvina Downey.

It was, without consideration, executed on the same day, or early the next morning, as that on which the obligation to Taggart was executed, and under circumstances which clearly indicate that the object and purpose of its execution was to defraud a creditor of his just rights.

Philips was an active participant in the fraud. He was utterly unable to advance $2,000 or any other sum as consideration of the bond.

The proofs in this respect in the cause show him to be without pecuniary means, without regular occupation of any kind by which an honorable support could be earned, and living about the house of the said Malvina Downey, supported by her, in a relation alike discreditable to both.

The judgment entered on said obligation, and the execution thereon issued, are fraudulent as against the complainant.

I therefore direct that the sheriff, William H. Lambson, bring the amount of the debt, interest, and costs due the complainant on his said execution in the said sheriff's hands,

if there be sufficient for that purpose, of the proceeds of the sale made by him of the goods and chattels of Malvina Downey, into this court. And should the proceeds of said sale be insufficient to satisfy the said execution of the complainant, I direct that said sheriff bring into this court the whole amount of the proceeds of said sale. I further order and decree that the preliminary injunction heretofore awarded in this cause be made perpetual.